THE FIRST NATIONAL BANK OF CARTERET, NEW JER-
SEY, A CORPORATION, PLAINTIFF, v. ANNA MAE TUR-
NER AND NELSON M. TURNER, DEFENDANTS.

Decided January 31, 1931.

For the motion, *Francis A. Monaghan.*

*Contra, R. Lewis Kennedy.*

The opinion of the court was delivered by

CASE, J.   The statement of the several defenses annexed
to and made part of the answer is prolix and involves many
extraneous and irrelevant matters.   But from it I gather
the following allegations: That after maturity, to be precise
on August 18th, 1930, the note sued upon, as produced for
the inspection of the defendants, then bore the following,
and only the following, writing on the back thereof: "For
value received I hereby guarantee payment of principal and
interest of the within note and waive protest thereon: Boyn-
ton Lumber Co., D. E. Boynton, Secretary;" that the note
as now presented by plaintiff bears simply the endorsement:
"Boynton Lumber Co., D. E. Boynton, Secretary;" that
there has therefore been a substitution or a change since the
maturity of the note changing the nature and effect of the
endorsement; that in any event D. E. Boynton, secretary,
is not the fiscal agent of the company with authority to en-
dorse and that consequently the endorsement is not that of
the payee; that defendants have a meritorious defense to the
note as against the payee; that for reasons deducible from
the above the plaintiff is not a holder in due course and that

the defendants' defense is therefore available as against it. The supporting affidavit is also prolix and argumentative, but nevertheless the above-mentioned allegations are fairly well sustained therein and they are not specifically denied by the plaintiff. I am inclind to think that such a defense should not be summarily struck on motion.

Moreover, the reason assigned by plaintiff for the motion to strike is merely the comprehensive generality that the answer is "sham and frivolous and filed for the purpose of delay." A pleading cannot be both sham and frivolous. *National Surety Co.* v. *Mulligan,* 105 *N. J. L.* 336. And it should not be left to the court to critically examine a lengthy pleading to determine just where and how the attorney intended one or the other criticism to be applied.

The motion is denied, with costs.